IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH KENNEDY, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0716-G |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a putative civil rights class action brought by Deborah Kennedy and Paula Coleen Epperson, appearing *pro se*, on behalf of themselves and other inmates at the Dawson State Jail. On April 20, 2006, plaintiffs tendered a two-page handwritten complaint with attachments and filed an application to proceed *in forma paupers*. However, neither plaintiff provided a certified copy of their inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).[1] By order dated May

---

[1] This statute provides, in pertinent part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit [for leave to proceed *in forma pauperis*], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing

8, 2006, plaintiffs were ordered to correct this deficiency within 20 days or the case would be dismissed. Plaintiffs also were directed to file separate civil rights complaints on forms provided by the court. In response to that order, Epperson submitted a certified copy of her inmate trust account statement and filed a civil rights complaint on a court-approved form. Because the information provided in her pauper's affidavit indicates that Epperson lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Despite numerous extensions of time to comply with the court order and repeated warnings that the failure to submit these materials would result in the dismissal of her claims for failure to prosecute, *see* Orders, 5/8/06 & 6/2/06, Kennedy still has not furnished a certified copy of her inmate trust account statement or filed an amended complaint on a proper form. For the reasons stated below, the court now recommends that Epperson's claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) and that Kennedy's claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

The only pleading properly before the court is the amended complaint filed by Epperson on May 31, 2006. In that complaint, Epperson alleges that a corrections officer identified only as "V. Dunn" verbally and physically assaulted another inmate, Angela Davis, who is housed with Epperson in the same dormitory room. The incident occurred on the morning of April 11, 2006 when Dunn entered the dormitory, put on rubber gloves, and looked at Davis in a threatening manner. Two weeks earlier, Dunn allegedly pulled Davis from her bunk and dragged her into the hallway. This

---

of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

time, Davis refused to accompany Dunn to the sallyport outside her dormitory room. Epperson describes the encounter as a "shouting match" that quickly escalated when Dunn shouted obscenities at Davis. When Davis started walking toward another officer who was called for backup, Dunn grabbed her by the arm so hard that Epperson heard a "smacking" sound. Despite pleas from the other officer to let go, Dunn continued to beat and kick Davis. According to Epperson, this incident has caused inmates to live in fear of Dunn and the other officers at the Dawson State Jail.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>  (1)  is frivolous or malicious;
>
>  (2)  fails to state a claim upon which relief can be granted; or
>
>  (3)  seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Epperson has failed to state a claim for relief under 42 U.S.C. § 1983. Even if the court assumes that her factual allegations are true, Epperson has not shown that *she* sustained the deprivation of any right, privilege or immunity secured by the Constitution or laws of the United States. Rather, the only colorable claim asserted by Epperson is for use of excessive force against another inmate. Epperson lacks standing to litigate such a claim. *See White v. Simpson*, No. 3-04-CV-0728-D, 2004 WL 2049306 at *2 (N.D. Tex. Sept. 13, 2004) (Kaplan, J.), *rec. adopted in relevant part*, Order, 2/15/05 (citing cases) (plaintiff may bring section 1983 action only for deprivations he himself has suffered).[2]

C.

With respect to the original complaint filed by Deborah Kennedy, that pleading should be dismissed without prejudice. A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct

---

[2] To the extent Epperson attempts to assert a civil rights claim in her own behalf, such a claim is without an arguable basis in law. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Epperson does not allege that she suffered any physical injury as a result of the conditions of her confinement.

and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Kennedy was fully aware of her responsibility to submit a certified copy of her inmate trust account statement and file an amended complaint on a court-approved form. She received two court orders requiring her to provide the trust account certificate by a date certain. Both orders warn Kennedy that the failure to comply would result in the dismissal of her claims for failure to prosecute. Despite these repeated warnings and multiple extensions of time to comply with the court orders, Kennedy still has not submitted a certified copy of her inmate trust account statement. Without this information, the court cannot rule on her application to proceed *in forma pauperis*. Dismissal is clearly warranted under these circumstances. *See Ruston v. Dallas Co. Sheriff's Dep't*, No. 3-04-CV-1462-D, 2005 WL 17672 at *3 (N.D. Tex. Jan. 3, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 264286 (N.D. Tex. Feb. 1, 2005) (citing cases) (dismissing *pro se* prisoner civil rights action where plaintiff failed to comply with two court orders requiring him to submit inmate trust account statement by date certain).[3]

## RECOMMENDATION

The claims brought by Paula Coleen Epperson should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The claims brought by Deborah Kennedy should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[3] In a letter to the court received on June 22, 2006, Kennedy acknowledges the delay in providing a certified copy of her inmate trust account statement and indicates that she will withdraw her complaint if she cannot obtain this statement by July 5, 2006. A dismissal without prejudice for failure to prosecute has the same legal effect as the voluntary dismissal suggested by Kennedy. Subject to any potential statute of limitations issues, Kennedy may refile this action after she is released from custody.

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE