IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH KENNEDY, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0716-G |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the United States magistrate judge for

initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district

court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a putative class action brought by Deborah Kennedy on behalf of herself and other

current and former inmates at the Dawson State Jail.[1] At various times between April 20, 2006 and

July 30, 2006, plaintiff tendered multiple handwritten pleadings to the district clerk and filed an

application to proceed *in forma pauperis*. Because the information provided by plaintiff in her

pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted

leave to proceed *in forma pauperis* and allowed her pleadings to be filed. Written interrogatories

then were sent to plaintiff in order to obtain additional information about the factual basis of her suit.

---

[1] The original handwritten complaint filed by plaintiff is also signed by Paula Epperson, another former inmate at the Dawson State Jail. On August 15, 2006, the court summarily dismissed Epperson's claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2). *See Kennedy v. Dallas Police Dept.*, No. 3-06-CV-0716-G, 2006 WL 2354990 (N.D. Tex. Aug. 15, 2006).

Although plaintiff responded to the interrogatories, her answers were inconclusive.  On December 1, 2006, the magistrate judge held a *Spears*[2] hearing to investigate the factual basis of plaintiff's claims in more detail.  Plaintiff appeared at the hearing and testified under oath regarding the allegations made in her pleadings.  The magistrate judge now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff raises a litany of complaints relating to the conditions of her confinement at the Dawson State Jail from December 28, 2005 through September 19, 2006.[3]  In particular, plaintiff alleges that:  (1) corrections officers verbally abused and used excessive force against inmates; (2) jail officials subjected employees to unfair labor practices and harsh working conditions; (3) she was denied access to legal materials and her inmate trust account statement; (4) the warden failed to comply with administrative policies and procedures governing the assignment of inmates to administrative segregation and the recording of disciplinary hearings; (5) the police refused to investigate allegations of wrongdoing on the part of jail officials; (6) female prisoners are treated more harshly than male prisoners; and (7) she was denied adequate medical care and dental care.  By this suit, plaintiff seeks unspecified money damages and injunctive relief.

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] It also appears that plaintiff may be challenging certain aspects of her confinement at the Woodman Unit of the TDCJ-ID.  The Woodman Unit is located in Coryell County, Texas, which lies within the Waco Division of the Western District of Texas.  *See* 28 U.S.C. § 124(d)(2).  Therefore, any claims arising out of plaintiff's confinement at the Woodman Unit should be dismissed for improper venue.  *See id.* § 1406(a) (authorizing district court to dismiss case filed in the wrong district or division.

(1)     is frivolous or malicious;

(2)     fails to state a claim upon which relief can be granted; or

(3)     seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

## B.

The court initially observes that plaintiff lacks standing to assert any claims on behalf of other inmates or employees at the Dawson State Jail.  In her complaint, plaintiff alleges that V. Dunn, a corrections officer, assaulted a female inmate and that employees are subjected to unfair labor practices and harsh working conditions.  Even if the court assumes that these allegations are true, plaintiff has not shown that she sustained the deprivation of any right, privilege, or immunity secured by the Constitution or laws of the United States.  *See White v. Simpson*, No. 3-04-CV-0728-D, 2004 WL 2049306 at *2 (N.D. Tex. Sept. 13, 2004) (Kaplan, J.) (citing cases) (plaintiff may bring section 1983 action only for deprivations he himself has suffered); *Beene v. Hammer*, No. 3-02-CV-0158-L, 2003 WL 21673456 at *3 (N.D. Tex. Jul. 15, 2003), *citing Inmates v. Owens*, 561 F.2d 560, 562-63

(4th Cir. 1977) (same); *Green v. State*, No. 3-01-CV-0060-D, 2001 WL 548899 at *1 (N.D. Tex. May 21, 2001) (same).

Plaintiff further alleges that Dunn made "multiple terroristic threats," used profanity, and yelled at her. However, such verbal abuse is not actionable under 42 U.S.C. § 1983. *See, e.g. Turk v. Thomas*, 121 Fed.Appx. 24, 2005 WL 32817 at *1 (5th Cir. Jan. 6, 2005); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

C.

Next, plaintiff contends that she was denied access to legal materials and her inmate trust account statement. This claim must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Although plaintiff alleges that jail officials hindered her access to various legal materials and prevented her from obtaining an inmate trust account statement, plaintiff has not suffered any actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (requiring prisoner to prove that "shortcomings in the library or legal assistance program hindered

his efforts to pursue a legal claim").  Plaintiff has been able to prepare and file multiple pleadings in this case, including a 42-page amended complaint, and answer written interrogatories propounded by the magistrate judge.  She eventually obtained a copy of her inmate trust account statement and was granted leave to proceed *in forma pauperis*.  While jail officials may not have been as cooperative or accommodating as plaintiff would have liked, their conduct does not rise to the level of a constitutional violation.[4]

## D.

Plaintiff further alleges that the warden failed to comply with administrative policies and procedures governing the assignment of inmates to administrative segregation and the recording of disciplinary hearings.  These claims are without an arguable basis in law.  The failure of jail officials to follow administrative regulations does not, by itself, amount to a due process violation because prisoners do not have a constitutionally protected liberty interest in such regulations.  *See Hailey v. Savers*, No. 2-05-CV-0297-J, 2006 WL 1312948 at *1 (N.D. Tex. May 12, 2006), *citing Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Moreover, even if plaintiff could establish a liberty interest in the administrative policies at issue, there is no due process right to a recorded disciplinary hearing.  Rather, due process requires only that:  (1) the prisoner receive written notice of the alleged disciplinary violation at least 24 hours before the hearing; (2) the prisoner be allowed to call witnesses and present documentary evidence; and (3) the hearing officer provide a written statement of the evidence relied on and the reasons for any disciplinary action taken.  *See Coleman v. Dretke*, No. 7-03-CV-141-R, 2006 WL 929320 at *1 (N.D. Tex. Apr. 11,

---

[4]  At the *Spears* hearing, plaintiff also mentioned that jail officials confiscated her law books and other items of personal property.  The intentional deprivation of property does not give rise to a civil rights claim unless the plaintiff can show that state remedies are inadequate.  *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996).  Because Texas provides an adequate post-deprivation remedy by way of a common law cause of action for conversion, *see Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994), plaintiff cannot sue under 42 U.S.C. § 1983.

2006), *citing Wolf*, 94 S.Ct. at 2978-80.  Those requirements were met here.[5]  Similarly, restrictions which merely alter the conditions of confinement, such as placement in administrative segregation, do not implicate due process.  *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996), *citing Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1690 (1996) ("[S]egregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."); *Washington v. Dretke*, No. 3-04-CV-2525-H, 2005 WL 701029 at *1 (N.D. Tex. Mar. 23, 2005), *rec. adopted*, 2005 WL 819614 (N.D. Tex. Apr. 7, 2005) (citing cases).  These claims fail as a matter of law.

E.

While incarcerated at the Dawson State Jail, plaintiff repeatedly asked the police to investigate assaults at the jail and other perceived acts of misconduct on the part of jail officials. However, the failure to investigate is not actionable under section 1983 unless the omission or inadequacy of the investigation itself resulted in the deprivation of a constitutional right.  *See, e.g. Witty v. Simpson*, No. 3-01-CV-0005-R, 2001 WL 184251 at *3 (N.D. Tex. Jan. 31, 2001); *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Malloy v. City of New York*, No. 93-CV-8919-SS, 1996 WL 648927 at *2 (S.D.N.Y. Nov. 7, 1996).  Plaintiff makes no such claim in this case.

F.

Nor has plaintiff demonstrated that female prisoners are treated more harshly than male prisoners.  In order to state an equal protection claim under 42 U.S.C. § 1983, plaintiff must show

---

[5]  In a related claim, plaintiff accuses a corrections officer of writing multiple disciplinary cases that were "overreaching by TDCJ standards."  To the extent plaintiff contends that the charges against her were false, she cannot seek relief under 42 U.S.C. § 1983 unless the disciplinary proceedings were terminated in her favor.  *See Woods v. Smith*, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 800 (1996) (citing cases).  No such allegation, much less proof, exists here.

that she "received treatment different from that received by similarly-situated individuals and that the unequal treatment stemmed from discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004); *see also Smith v. Hamlin*, No. 3-99-CV-0007-P, 1999 WL 1044600 at *2 (N.D. Tex. Nov. 17, 1999), *aff'd*, 226 F.3d 641 (Table), 2000 WL 1029018 (5th Cir. Jul. 7, 2000). At the *Spears* hearing, plaintiff testified that she was charged with a disciplinary infraction because her bunk was not in order, but was told by several corrections officers that male prisoners with messy bunks were treated differently. When asked by the court to identify the male inmates or describe the conditions of their bunks, plaintiff was unable to do so. It is therefore apparent that plaintiff lacks any factual basis to support her claim that similarly situated male inmates received more favorable treatment or that such disparate treatment was motivated by discriminatory intent. *See* Simmonds v. Cockrell, 81 Fed.Appx. 488, 489, 2003 WL 22770177 at *2 (5th Cir. Nov. 24, 2003).

## G.

Finally, plaintiff complains that she did not receive adequate medical care for flu-like symptoms and a jail dentist refused to fill a cavity or prescribe antibiotics for an infection. These claims are governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. *See Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). In order to establish a constitutional violation, plaintiff must allege facts which, if proved, show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare*, 74 F.3d at 648, *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

At the *Spears* hearing, plaintiff described her flu symptoms as a fever of 101-102 degrees, a sore throat, and a hoarse voice.  Such symptoms do not constitute "serious harm" necessary to establish an Eighth Amendment violation.  *See, e.g. Liggins v. Barnett*, No. 4-00-CV-90080, 2001 WL 737551 at *6 (S.D. Iowa May 15, 2001) ("The court has found no case in which a plaintiff suffering from flu-like symptoms . . . has been held to have had a serious medical need."); *Schwartz v. Jones*, No. 99-3269, 2000 WL 1859012 at *3 (E.D. La. Dec. 18, 2000) (failure to provide prisoner with aspirin for flu-like symptoms did not give rise to a federal constitutional claim for denial of medical care); *Haberstick v. Nesbitt*, No. Civ. A. 97-6523, 1998 WL 472447 at *3 (E.D. Pa. Jul. 29, 1998) (flu-like symptoms could not form the basis of a deliberate indifference claim where prisoner presented no evidence that flu was a serious medical need); *Ware v. Fairman*, 884 F.Supp. 1201, 1206 (N.D. Ill. 1995) (describing flu as "not serious").  Likewise, plaintiff testified that she experienced pain and discomfort, had difficulty sleeping, and could not eat for three days as a result of an infection that developed when the jail dentist refused to fill a cavity or prescribe antibiotics. Plaintiff admitted that the infection "ran its course" and that she has not experienced any other problems with her tooth.  Even if plaintiff could establish deliberate indifference on the part of the jail dentist, her resulting injuries are *de minimis*.  *See, e.g. Myers v. Valdez*, No. 3-05-CV-1799-L, 2005 WL 3147869 at *2 (N.D. Tex. Nov. 17, 2005) (Kaplan, J.) (allegation that plaintiff suffered from lack of sleep, among other symptoms, insufficient to establish physical injury under PLRA); *Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (same as to allegation of "unnecessary pain and suffering"); *Morgan v. Dallas Co. Sheriff's Dep't.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (same as to allegation of "undue pain . . . on a regular basis").

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 8, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE